Hon. Samuel W. Eager, Jr. Village Attorney, Bloomingburg
This is in response to your request for an opinion as to the authority of members of your part-time police force to execute warrants, to arrest for crimes not committed in their presence and to issue summonses and tickets for violations of the Penal Law and the Vehicle and Traffic Law.
Criminal Procedure Law, § 1.20 (34) (d), defines the term "police officer" as follows:
 "(d) A sworn officer of an authorized police department or force of a city, town, village or police district * * *."
Criminal Procedure Law, § 1.20 (33) (a), defines the term "peace officer" as follows:
"(a) A police officer * * *"
From the facts presented in your letter, we are of the opinion that your two part-time police officers, who have undergone the appropriate police schooling and are sworn officers of a police force, have all the authority of a police officer as defined in the Criminal Procedure Law.
Under section 120.70 of the Criminal Procedure Law, they may execute warrants of arrest issued by your Village Court within the county or in any adjoining county and anywhere else in the State upon written endorsement thereon by a local criminal court of the county in which the arrest is to be made.
Section 150.40 of the Criminal Procedure Law provides for the service of an appearance ticket by a police officer anywhere in the county in which the designated offense was allegedly committed or in an adjoining county. For the purpose of serving an appearance ticket upon a person, a police officer may follow him in continuous close pursuit, commencing within the county in which the alleged offense was committed or in an adjoining county in and through any county in the State, and may serve an appearance ticket upon him in any county in which he overtakes him.
Section 140.10 of the Criminal Procedure Law provides, when a police officer is authorized to arrest without a warrant, as follows:
 "1. Subject to the provisions of subdivision two, a police officer may arrest a person for:
 "(a) Any offense when he has reasonable cause to believe that such person has committed such offense in his presence; and
 "(b) A crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise.
 "2. A police officer may arrest a person for a petty offense, pursuant to subdivision one, only when:
 "(a) Such offense was committed or believed by him to have been committed within the geographical area of such police officer's employment; and
 "(b) Such arrest is made in the county in which such offense was committed or believed to have been committed or in an adjoining county; except that the police officer may follow such person in continuous close pursuit, commencing either in the county in which the offense was or is believed to have been committed or in an adjoining county, in and through any county of the state, and may arrest him in any county in which he apprehends him.
 "3. A police officer may arrest a person for a crime, pursuant to subdivision one, whether or not such crime was committed within the geographical area of such police officer's employment, and he may make such arrest within the state, regardless of the situs of the commission of the crime. In addition, he may, if necessary, pursue such person outside the state and may arrest him in any state the laws of which contain provisions equivalent to those of section 140.55."
We conclude that from the above sections of the Criminal Procedure Law the Village of Bloomingburg has a duly constituted police force whose members can exercise the authority granted to a police officer under the Criminal Procedure Law including arrest without a warrant, the service of warrants and the issuance of tickets for penal offenses or motor vehicle violations.